**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BIRON FILIMON-ACOSTA, | No. 15-70323 |
| Petitioner, | Agency No. A200-245-160 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2020**

Before: CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Biron Filimon-Acosta, a native and citizen of Honduras, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

In his opening brief, Filimon-Acosta fails to challenge the agency's determination that his asylum application is time barred. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived). Filimon-Acosta also fails to challenge the agency's denial of CAT relief. *Id*. Thus, we deny the petition for review as to his asylum and CAT claims.

Substantial evidence supports the agency's determination that Filimon-Acosta failed to establish that the harm he suffered or fears in Honduras was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Filimon-Acosta's withholding of removal claim fails.

We lack jurisdiction to consider Filimon-Acosta's contentions regarding cancellation of removal, adjustment of status, and being perceived as a wealthy returnee because he failed to raise them to the BIA. *See Barron v. Ashcroft*, 358

F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

We deny Filimon-Acosta's requests to remand for a new hearing and for voluntary departure.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**